## In re NEWLAND et al.
## No. 20486.

District Court, W. D. Pennsylvania.
March 8, 1940.

Wm. A. Meyer and Kountz & Fry, all of Pittsburgh, Pa., for claimant.

Stonecipher & Ralston, of Pittsburgh, Pa., for trustee.

Watson B. Adair, of Pittsburgh, referee.

SCHOONMAKER, District Judge.

This case comes before the court on certificate to review an order of the referee allowing a claim of $22.51 paid by the Gulf Oil Corporation to the Commonwealth of Pennsylvania as a tax on gasoline sold to the bankrupt by the Gulf Oil Corporation as a general claim, but denying the Gulf Oil Corporation claim of priority.

The facts sufficiently appear in the findings and opinion of the referee filed in this case on November 15, 1939, and need not be repeated here. In our opinion, the referee has correctly ruled the case.

The claimant, as a distributor of gasoline, paid to the Commonwealth of Pennsylvania the sum of $22.51 assessed as a tax against it under the Liquid Fuels Tax Act of Pennsylvania of May 21, 1931, P. L. 149, as amended (Purdon's P.S.Ann., Title 72, Secs. 2611a to 2611x), for gasoline sold to bankrupt as a consumer of gasoline. The claimant contends, that by reason of such payment, it is subrogated to the rights of the Commonwealth by reason of the fact that Section 4 of the "Liquid Fuels Tax Act, as amended by the Act of July 2, 1937, P.L. 2774 (72 P.S. Pa. § 2611d), provides: "Distributors shall be liable to the Commonwealth for the collection and payment of the tax imposed by this act. The tax imposed by this act shall be collected by the distributor at the time the liquid fuels are used or sold and delivered by the distributor and shall be borne by the consumer."

As we view this statute, it is authority for the recoupment by the distributor of the amount of the tax paid by it from consumer at the time of the sale and delivery. If the distributor fails to collect from the consumer at that time, its claim for such recoupment is just an ordinary debt, which is not entitled to priority over other ordinary debts of the consumer. The tax itself is imposed upon the distributor. The Commonwealth imposes on the consumer no duty to pay to it, and therefore the Commonwealth could present no claim against the consumer's estate in bankruptcy. That being so, how could the distributor be subrogated to any rights which the Commonwealth does not claim?

In this connection, it is significant to note that when Pennsylvania desired to charge the tax directly to the consumer, it provided in the Act of May 1, 1929, P.L. 1037, §§ 4, 9, 12, and 13, 72 P.S.Pa. §§ 2541, 2563–2565, that the tax should be paid by the consumer, and when collected by a dealer from the consumer, the claim should be considered as a public account, which became a lien on the property of the dealer or consumer. Whereas, the act under which the tax in question was laid, provided: "a tax * * * is hereby imposed upon all liquid fuels used or sold and delivered by a distributor." 72 P.S. Pa. § 2611d. There is no provision for any lien against the consumer in the Act of 1931 and its amendments.

Claimant has called our attention to an opinion of the United States Bureau of Internal Revenue (Internal Revenue Department Cumulative Bulletin 1937–2 page 92), holding that when a consumer reimburses the distributor for the amount of this liquid fuels tax, it is deductible for federal income-tax purposes. That may be true, but it is not decisive of the question involved here where the consumer did not pay the tax.

Claimant also called our attention to the opinion of the referee in bankruptcy in the Eastern District of Pennsylvania on December 19, 1939. In Re Natalie Store Company, No. 20014 in Bankruptcy, holding that the Atlantic Refining Company had a priority claim for liquid fuels tax paid as a distributor. We cannot agree with his conclusion. He seems to have relied upon the amendatory Act of April 8, 1937, P.L. 248, which provides: "The tax imposed by this act though payable by the distributor, shall be borne by the consumer, and when paid by the distributor, shall be deemed to have been so paid for the account of the consumer." The referee of

the Eastern District seems to have overlooked the fact that the Act of April 8, 1937, supra, was further amended by the Act of July 2, 1937, P.L. 2774, to read as we have heretofore stated.

As we view the "Liquid Fuels Act" of 1931, and the several amendments, the distributor is the only one liable to the Commonwealth. He alone makes the reports and pays the tax. Against him alone can the Commonwealth proceed to collect the tax. It is against the distributor alone that the Commonwealth can have any lien. No remedy against the consumer is reserved by the Commonwealth.

Therefore, we cannot see that a distributor, by paying a liquid fuels tax which was levied directly upon him, can be subrogated to any priority rights of the Commonwealth, when the Commonwealth has asserted no claim against the consumer. In addition to that, the Supreme Court of Pennsylvania has held that the state's right to a preference over other creditors, being a sovereign right, cannot be transferred to individuals except by express legislative sanction. See In re South Philadelphia State Bank's Insolvency, 295 Pa. 433, 440, 145 A. 520, 83 A.L.R. 1123. There is no such legislative sanction so far as concerns this liquid fuels tax paid by the distributor.

We therefore conclude that the referee correctly ruled this case, and we will confirm his order disallowing this preference claim. An order may be submitted accordingly.